UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE MOYA-FELICIANO,

      Petitioner,

v.                                    CASE NO. 6:08-cv-2182-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a supplemental response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12). Petitioner filed a reply to the supplemental response (Doc. No. 15).

Petitioner alleges three claims for relief in his petition: (1) counsel rendered ineffective assistance by failing to competently argue the motion to suppress evidence obtained from Petitioner's room (claim one); (2) counsel rendered ineffective assistance by failing to properly preserve grounds for suppression of the evidence (claim two); and (3) counsel rendered ineffective assistance by failing to call Petitioner's co-defendant as a witness at the hearing on the motion to suppress (claim three). For the following reasons, the petition is denied.

I.   *Procedural History*

Petitioner was charged by indictment with one count of first degree premeditated murder with a weapon.  A jury trial was conducted, and Petitioner was found guilty as charged.  The state trial court sentenced Petitioner to life in prison.  Petitioner appealed the judgment and sentence.  On February 1, 2005, the Fifth District Court of Appeal of Florida affirmed *per curiam*.  (App. D.)

On May 15, 2005, Petitioner filed a petition for writ of certiorari with the United States Supreme Court.  (App. F; Doc. No. 8 at 4.)  On October 3, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari and subsequently denied his motion for rehearing on January 17, 2006.  *See* App. G, October 3, 2005 Letter; *see also Feliciano v. Florida*, 546 U.S. 883 (2005); *Feliciano v. Florida*, 546 U.S. 1146 (2006).

Petitioner filed a state petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel on April 1, 2006.  (App. G at 35.)  The Fifth District Court of Appeal of Florida denied the petition on July 25, 2006.  (App. L.)  Petitioner filed a motion for rehearing, which was denied on September 19, 2006.  (App. N.)

On January 7, 2007, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (App. O at 40.)  The state trial court denied the motion, and Petitioner appealed.  The Fifth District Court of Appeal of Florida affirmed *per curiam* on October 7, 2008, and subsequently denied his motion for rehearing on December 19, 2008.  (App. T, X, & Y.)

II.     *Legal Standards*

A.      *Standard of Review Under the AEDPA*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim

adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by [the United States
> Supreme Court] on a question of law or if the state court decides a case
> differently than [the United States Supreme Court] has on a set of materially
> indistinguishable facts. Under the 'unreasonable application' clause, a
> federal habeas court may grant the writ if the state court identifies the correct
> governing legal principle from [the United States Supreme Court's] decisions
> but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995).   Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

### A.    *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to argue that his room was searched prior to the issuance of a search warrant.  In support of this claim, Petitioner contends that counsel filed a motion to suppress the evidence obtained from his room, but counsel did not allege that the search was conducted ten hours before the search warrant was issued.

Petitioner raised this claim in his Rule 3.850 motion. Applying *Strickland*, the state court denied relief. (App. R at 1-3.) The state court determined that, contrary to Petitioner's contention, there was no formal hearing held in relation to the issuance of the search warrant. *Id*. at 2. The state court found that the state judge signed the search warrant on March 25, 2002, the warrant was then executed around 3:00 a.m. that morning, and the evidence was obtained from Petitioner's room. *Id*. The state court noted that the hearing that Petitioner contended was held at 1:30 p.m. on March 25, 2002, in relation to the search warrant, was in fact Petitioner's first appearance in court. *Id.* The state court concluded, therefore, that counsel had no reason to argue that the search was conducted without a search warrant. *Id.* at 3.

The Court concludes that the state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland*. The record indicates that the search warrant was issued on March 25, 2002, and the officers who conducted the search testified at trial that the search was conducted pursuant to a warrant. Thus, counsel was not deficient for failing to make an argument lacking merit.

More importantly, the evidence of Petitioner's guilt in this case was overwhelming, even without the admission of the evidence obtained from his room. First, Jennifer Figueroa ("Figueroa") testified that Petitioner told her the day after the murder that he and Juanita Torres Labawald ("Labawald"), the victim's wife, had planned to murder the victim. Figueroa said that Petitioner told her he stabbed the victim in the chest, cut the victim's head off, and left a box containing the victim's head at the church where Petitioner,

Labawald, the victim, and Figueroa attended.  The box containing the victim's head was recovered from the dumpster at the church, and documents were found inside the box which contained Petitioner's fingerprints.  Thus, Petitioner has failed to demonstrate that a reasonable probability exists that the outcome of the trial would have been different if the knife and clothing containing the victim's DNA or the computer documents from Petitioner's computer had been suppressed.  Accordingly, this claim is denied pursuant to § 2254(d).

> **B.**    *Claims Two and Three*

In claim two, Petitioner asserts that counsel rendered ineffective assistance by failing to properly preserve grounds supporting suppression of the evidence obtained from his room.  In support of this claim, it appears that Petitioner is arguing that counsel should have presented evidence to demonstrate that the affidavit in support of the search warrant was insufficient.  Similarly, in claim three Petitioner maintains that counsel rendered ineffective assistance by failing to call Labawald to testify at the hearing on his motion to suppress.  Petitioner contends that counsel should have called Labawald to confront her about the statements she made which were included in the warrant affidavit.

Petitioner raised these claims in his Rule 3.850 motion.  The state court denied relief, concluding that the affidavit for the search warrant was sufficient.  (App. R at 3.)  The state court reasoned that the affidavit attested that Labawald had confessed that she and Petitioner had committed the murder, someone else had told police that Petitioner admitted killing the victim and leaving his head at the church, and the victim's head was

found at the church. *Id*. The state court concluded that no reasonable probability existed that the evidence would have been excluded had counsel made more specific arguments in relation to the affidavit. *Id*. Likewise, the state court determined that no reasonable probability existed that the outcome of the suppression hearing would have been different had counsel called Labawald as a witness. *Id*. at 4.

Petitioner has failed to establish that the state court's determination is either contrary to, or an unreasonable application of, *Strickland*. The United States Supreme Court has held that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Petitioner has not made any showing that a false statement was included by the affiant in the warrant affidavit. In fact, the evidence presented at trial supported the statements contained in the warrant affidavit. As noted *supra*, Figueroa testified that Petitioner told her that he and Labawald had killed the victim and Petitioner had left the victim's head at the church. Evidence was presented that the victim's head was in fact found at the church. Thus, Petitioner has not established that a reasonable probability exists that the motion to suppress would have been granted had

counsel offered evidence, including calling Labawald as a witness, to challenge the statements contained in the warrant affidavit.

Moreover, as discussed above, even without the evidence from Petitioner's room, the evidence of Petitioner's guilt was overwhelming.   As such, Petitioner cannot demonstrate that the outcome of the trial would have been different had counsel made additional arguments in support of the motion to suppress.  Accordingly, claims two and three are denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*; *Lamarca*, 568 F.3d at 934.   However, a

prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jorge Moya-Feliciano is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 3rd day of March, 2011.

Copies to:
OrlP-1 3/3
Jorge Moya-Feliciano
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE